
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**Securities & Exchange Commission**     Civil Action No. 6:09-CV-0928

**versus**     Judge Tucker L. Melançon

**Hollier, et al**     Magistrate Judge Hanna

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by plaintiff, Robert L. Hollier, [Rec. Doc. 39] and Wayne A. Dupuis [Rec. Doc.43], defendant, Securities & Exchange Commission's Opposition thereto [Rec. Doc. 47] and plaintiffs' replies thereto [Rec.Docs. 52, 54]. For the reasons that follow, plaintiffs' motions will be denied as premature.

### I. FACTUAL BACKGROUND

This litigation arises from the Securities & Exchange Commission ("the SEC") allegations of insider trading in the securities of Warrior Energy Services Corporation ("Warrior Energy") by defendants, Robert L. Hollier and Wayne A. Dupuis. The SEC alleges that Dupuis received tips directly or indirectly from Hollier who was, at the time, in possession of material, nonpublic information by virtue of his status as a member of Warrior Energy's board of directors. The SEC Complaint, *R. 1*, alleges the following:

> Hollier had knowledge of pending merger talks between Warrior Energy and Superior Energy Services, Inc. ("Superior Energy") as early as the latter part of August 2006. In fact, the merger was discussed extensively at a board meeting the day before Hollier left for a hunting trip in Canada in September 2006. Hollier tipped Dupuis about the pending merger between Warrior Energy and Superior Energy, another energy services company, during the Canada hunting trip that Hollier and Dupuis both attended. On September 18, 2006, the day Dupuis returned from the hunting trip, he purchased 5,000 shares of Warrior Energy stock for approximately $85,000. Dupuis, who had no prior history of trading Warrior Energy shares, sold the only two stock holdings he held in his portfolio in order to purchase the Warrior Energy shares. On

>September 25, 2006, Warrior Energy announced a definitive merger agreement with Superior Energy. Warrior Energy shares, which were then traded on the Nasdaq National Market, increased in price by almost 70% on the news that day. On October 3, 2006, Dupuis sold all of his Warrior Energy stock for a profit of approximately $41,800.

*R. 1, ¶¶ 3-8.*

The SEC contends that defendants have committed acts in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15, U.S.C. 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], and requests that the Court enjoin defendants from engaging in transactions, acts, practices and courses of business alleged in the Complaint.

On May 19, 2010, defendant Hollier filed a motion for summary judgment asserting that the SEC's claim against him is purely circumstantial and based solely on the SEC's suspicion about the timing of Dupuis's trade. He argues that the SEC has no evidence that a conveyance of material, nonpublic information took place, but simply uses the existence of the hunting trip to imply or infer a communication between Hollier and Dupuis near the time of the trade. *R. 39.* Hollier contends that the SEC seeks to discount the explanation for the trade which Dupuis volunteered to the SEC in its pre-filing investigation. On May 27, 2010, defendant Dupuis filed a motion for summary judgment adopting and incorporating Hollier's memorandum in support of his motion. *R. 43.* The SEC filed its opposition to defendants' motions contending that the motions are premature as they were filed only days after the Magistrate Judge directed the filing of the parties' Rule 26(f) Reports, and were filed prior to the taking of any depositions in this action. The SEC also contends that defendants fail to raise any substantially new argument not already raised in their failed motions to dismiss.[1]

---

[1] Defendants' motions to dismiss were heard on oral argument conducted by the Magistrate Judge in this case on December 16, 2009. In a Report and Recommendation issued on December 17, 2009, the Magistrate Judge found that the SEC had set forth particularized facts in its Complaint which were sufficient to state its claim for fraud, and recommended that the Court deny the motions to dismiss. *R. 30.* The Court issued a Judgment adopting the Report and Recommendation on January 8, 2010. *R. 33.*

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id*. at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law.

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56©; *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

The motions before the Court are to decide whether defendants are entitled as a matter of law, to summary judgment dismissing the SEC's claims against them. The Court will first address the SEC's contention that summary judgment is inappropriate at this time under Rule 56(f) of the Federal Rules of Civil Procedure because there has not been adequate opportunity to conduct discovery, and therefore, the SEC cannot properly oppose the motions for summary judgment. Rule 56 provides in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. Proc. 56(f).

The protection afforded by Rule 56(f) is an alternative to a response in opposition to

summary judgment under Rule 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment. "The purpose of Rule 56(f) is to provide nonmovants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992). However, the Fifth Court also recognizes that "a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Paul Kadair, Inc. v. Sony Corp. of America,* 694 F.2d 1017, 1030 (5th Cir. 1983).

To obtain a Rule 56(f) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-86 (5th Cir. 1985)(citations omitted).

The SEC cites the Sworn Declaration of M. Graham Loomis, the attorney who supervised the Commission's investigation into this matter. *R. 47, Exh.2*. In his Declaration, Loomis states that the SEC cannot present all facts essential to fully justify its opposition to defendants' motions for summary judgment prior to discovery being conducted. In particular, Loomis represents that the SEC needs: (1) discovery from the individuals who attended the hunting trip with Hollier and Dupuis during which Warrior Energy and its stock was discussed by the defendants; and (2) discovery from individuals at Superior Energy and

5

Warrior Energy regarding the events at both companies leading up to the merger announcement on September 25, 2006, regarding the specificity of who had knowledge of the events surrounding the merger, and at the specific points in time that they obtained that knowledge. *Id. at ¶ 11.*

Summary judgment is not appropriate until after the non-movant has had a fair opportunity for discovery of information essential to its opposition to movant's motion. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The SEC is entitled to conduct discovery involving individuals related to the hunting trip in question and those individuals related to the events surrounding the Superior Energy and Warrior Energy merger. Thus, defendants' motions for summary judgment will be denied without prejudice as premature. Defendants may reassert their motions once the parties have had an opportunity to conduct discovery.