UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | **CIVIL ACTION NO. 09-928** |
| **VERSUS** | **JUDGE MELANÇON** |
| **ROBERT L. HOLLIER, ET AL** | **MAGISTRATE JUDGE HANNA** |

*ORDER*

Before the court is Robert L. Hollier's Motion for Reasonable Fees and Costs Pursuant to Rule 37(a)(5). (Rec. Doc. 85). The motion is opposed.

Hollier attached to the motion an "Unsworn Declaration of Jason S. Lewis Under Penalty of Perjury."[1] A review of the motion and the declaration shows that defendant claims a total of $17,826.50 in attorneys' fees, and $79.87 in costs. The claimed amounts are as follows:

> 6. A total of $17,826.50 in attorneys' fees were incurred in connection with the Motion to Compel and associated briefing in this matter through the work of the following attorneys: Jason S. Lewis (9.5 hours at $500.00 per hour); Jeffrey M. Benton (36.2 hours at $325.00 per hour); and Adam Tyler (6.1 hours at $215.00 per hour).
>
> 7. A total of $79.87 in costs were incurred for electronic research and a transcript of the Motion to Compel hearing.[2]

Federal Rules of Civil Procedure 37(a)(5)(C) is applicable to this matter, as

---

[1] See *Exhibit A* to *Motion for Reasonable Fees and Costs Pursuant to Rule 37(a)(5)* (Rec. Doc. 85-2).

[2] *Id.*

defendant's motion to compel was granted in part and denied in part, and reads as follows:

> If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Reasonable expenses include attorney's fees. See Fed. R. Civ. P. 37(a)(5)(A). Utilizing the "lodestar" method, reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Independent School Dist., 119 F.3d 1228, 1232 (5th Cir. 1997). The calculation of what is a reasonable number of hours expended and a reasonable hourly rate necessarily requires an analysis of the factors of Johnson v. Georgia Highway Express, 488 F.2d 714, 717-719 (5th Cir. 1974), Further, a reasonable hourly rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

The court is unable from defendant's submission to determine what a reasonable award of attorney's fees might be based on specific hours expended, as there is no indication which attorney performed which tasks or the exact time required for each task.

However, after review of the dispute and applying the Johnson factors, the undersigned finds 15 total hours, by all attorneys combined, is a reasonable expenditure of time. Additionally, the undersigned finds the prevailing market rate in Lafayette, Louisiana, is $150 per hour given the nature of the matter, the complexity of the issues and the other Johnson factors.[3]  Therefore, the undersigned finds a reasonable apportionment of expenses under Fed. R. Civ. P. 37(a)(5)(C) results in crediting defendant with 15 hours of time expended at a rate of $150.00 per hour, for a total award of $2,250.00.  The undersigned finds the request for expenses of $79.87 for electronic research charges and a copy of the transcript of the motion hearing are not reasonable, as it is unclear as to the amounts for each.  Moreover, legal research authority is available at little or no charge today and the transcript copy was not an expense incurred in filing the motion to compel.

Therefore, for the reasons given above,

**IT IS ORDERED** that Robert L. Hollier's Motion for Attorney's Fees and Expenses (Rec. Doc. 85) is **GRANTED IN PART AND DENIED IN PART** as follows:

1). Plaintiff shall pay $2,250.00 to defendant within 14 days of the date of this Order;

---

[3] See Walker v. Petry, 2006 WL 1084003 (W.D.La.2006)(unreported); Greig v. Thibodeaux, 2006 WL 2349588 (W.D.La.2006)(unreported); the EAJA social security reasonable fee rate has recently been raised to $150 per hour.  See Wilks v. Astrue, 2009 WL 1788596 (W.D.La.2009).

2). All other requested relief is **DENIED**.

Lafayette, Louisiana, this 11th day of January, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)